IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


LADENA IONA PEAL                                                                    PLAINTIFF

vs.                              Civil No. 5:07-cv-05229

MICHAEL J. ASTRUE                                                                   DEFENDANT
Commissioner, Social Security Administration


**MEMORANDUM OPINION**

    Ladena Iona Peal ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  (Doc. No. 4).[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

    Plaintiff filed her applications for DIB and SSI on March 22, 2005.  (Tr. 13).  Plaintiff alleged she was disabled due to arthritis and carpel tunnel syndrome.  (Tr. 67).  Plaintiff alleged an onset date of February 13, 2005.  (Tr. 68).  These applications were initially denied on May 31, 2005 and were denied again on reconsideration on December 22, 2005.  (Tr. 35-40).

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

1

On February 15, 2006, Plaintiff requested an administrative hearing on her application. (Tr. 29-30). The hearing was held on March 8, 2007 in Fayetteville, Arkansas. (Tr. 229-278). Plaintiff was present and was represented by counsel, Evelyn E. Brooks, at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") John Massey testified at this hearing. *See id.* On the date of this hearing, Plaintiff was forty-five (45) years old, which is defined as "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had a limited education. (Tr. 238).

On April 13, 2007, the ALJ entered an unfavorable decision denying Plaintiff's request for DIB and SSI. (Tr. 13-19). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since February 13, 2005. (Tr. 15, Finding 2). The ALJ determined Plaintiff had the severe impairments of obesity, right knee and back pain, and post carpel tunnel release. (Tr. 15, Finding 3). The ALJ also determined the Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments contained in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 16, Finding 4).

In this decision, the ALJ also indicated she evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 16-17, Finding 5). The ALJ indicated she evaluated these subjective complaints and allegedly disabling symptoms pursuant to the requirements and factors of 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929. (Tr. 16-17).

The ALJ also reviewed all the medical evidence and hearing testimony and determined Plaintiff's RFC. (Tr. 16-17, Finding 5). Specifically, the ALJ determined Plaintiff retained the following RFC:

> the claimant has the residual functional capacity to lift and carry 10 pounds frequently and 20 pounds occasionally, to sit 6 hours in an 8-hour workday, and to stand and walk 6 hours in an 8-hour workday. However, she can only occasionally reach

overhead with the right dominant arm, can never perform rapid, repetitive flexion or extension of the right dominant hand, can never climb scaffolds, ladders or ropes, can only occasionally climb ramps and stairs, and can only occasionally stoop, bend, crouch, crawl, kneel and balance.

The ALJ then determined Plaintiff was unable to perform her Past Relevant Work ("PRW") but was able to perform work existing in significant numbers in the national economy. (Tr. 18, Findings 6,10). Plaintiff and the VE testified at the administrative hearing regarding these issues. (Tr. 240-248, 271-273). The VE testified that a hypothetical person with Plaintiff's RFC could not return to Plaintiff's PRW. (Tr. 270).

However, the VE then testified a hypothetical person with Plaintiff's RFC, age, education, and work experience could perform other work in the national economy. (Tr. 271-273). For example, the VE testified such a hypothetical person could perform work as a security guard (6,240 such jobs in the State of Arkansas and 995,000 in the nation), retail sales (36,000 such jobs in the State of Arkansas and 4,340,000 in the nation), and meter reader utility (860 such jobs in the State of Arkansas and 46,900 in the nation). (Tr. 18-19, Finding 10). The ALJ went on to find Plaintiff was not under a disability from her alleged onset date through the date of the decision. (Tr. 19, Finding 11).

On June 11, 2007, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 5-9). *See* 20 C.F.R. § 404.984(b)(2). On October 15, 2007, the Appeals Council declined to review this determination. (Tr. 2-4). On December 12, 2007, Plaintiff appealed the ALJ's decision to this Court. (Doc. No. 1). The parties consented to the jurisdiction of this Court on December 28, 2007. (Doc. No. 4). Both parties have filed appeal briefs. (Doc. Nos. 7,8). This case is ready for decision.

**2. <u>Applicable Law</u>:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses

the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the following: (A) the ALJ erred in her evaluation of Plaintiff's subjective complaints; (B) the ALJ erred in her RFC determination; (C) the ALJ did not consider the combined effects of Plaintiff's impairments; and (D) the ALJ failed to fully and fairly develop the record. In response, Defendant argues: (A) the ALJ properly considered Plaintiff's subjective complaints; (B) the ALJ RFC's determination is supported by substantial evidence; (C) the ALJ properly considered the combined effects of Plaintiff's impairments; and (D) the ALJ fully and fairly developed the record.

Plaintiff claims the ALJ erred by failing to give consideration to all of Plaintiff's subjective complaints of pain. In response, Defendant claims the ALJ properly analyzed Plaintiff's subjective complaints pursuant to the *Polaski* factors and discounted them for legally-sufficient reasons.

In assessing the credibility of a claimant, the ALJ is required to examine and apply the five

5

factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. These factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity.

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

*See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

The ALJ's decision in the present action is not supported by substantial evidence. Specifically, the ALJ failed to analyze and evaluate the Plaintiff's subjective complaints pursuant to *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984). *See Cline v. Sullivan*, 939 F.2d 560, 569 (8th Cir. 1991). Instead, the ALJ reviewed the subjective complaints of Plaintiff by stating the following:

> The medical evidence is sparse, at best, and does not support claimant's pain to the extent alleged. There is no evidence of treatment for knee pain and carpel tunnel treatment was in the 1990s. She takes only over-the-counter medication for pain and to help her sleep. She is able to work two days a week, to shop for groceries as necessary, and to visit friends occasionally. None of this is indicative of one completely disabled by constant, unremitting severe.

(Tr. 17).

This was the extent of the ALJ's *Polaski* analysis. The ALJ did not address any of the other factors in either *Polaski* or 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929. This analysis is not sufficient to comply with the requirements of *Polaski* which require consideration and analysis of all of the Polaski factors. The ALJ must articulate the reasons for discrediting the testimony, addressing any inconsistencies between the Plaintiff's claims and the record, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d at 1144.

Because the ALJ did not properly examine the five *Polaski* factors or the factors set out in 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929, this case should be reversed and remanded for a full *Polaski* analysis. Upon remand, the ALJ may still find Plaintiff not disabled, however a proper and complete analysis pursuant to *Polaski* must be performed.[3]

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits

---

[3] Based on these findings, I do not find it necessary to reach to other points of error raised by the Plaintiff in this appeal.

to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

      **ENTERED** this **26th day of March, 2009.**

                                  /s/   Barry A. Bryant
                                  HON. BARRY A. BRYANT
                                  U.S. MAGISTRATE JUDGE